IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY J. STEPHENSON,

    Petitioner,                   No. CIV-S-05-1719 FCD KJM P

    vs.

M.S. EVANS,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges several convictions obtained in the Superior Court of Sacramento County in 2000. Respondent has filed a motion to dismiss petitioner's habeas application as time-barred.

        The Antiterrorism and Effective Death Penalty Act (AEDPA) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

/////

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The convictions challenged by petitioner in this action became final for purposes of § 2244(d)(1)(A) on July 9, 2002, when time expired for petitioner to file a petition for writ of certiorari in the United States Supreme Court with respect to the denial of the petition for review filed by petitioner in the California Supreme Court. See Resp't's Lodged Doc. No. 4 (Supreme Court denial filed April 10, 2002); U.S. Supreme Court Rule 13 (providing for 90 days to file petition for certiorari after denial of review by state court of last resort); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (confirming application of Rule 13).

In his opposition, petitioner asserts he did not learn that his petition for review had been denied by the California Supreme Court until sometime shortly after February 6, 2004, when a deputy clerk responded in writing to petitioner's request for status. Opp'n at 2 & Ex. B. The petition was filed by counsel. Resp't's Lodged Doc. No. 3. Petitioner claims he sent a letter to his counsel in December 2003, asking about the status of his petition for review. Opp'n at 2, 7. Counsel never responded to petitioner's letter. Opp'n at 2.

Under these facts, the court finds that the AEDPA limitations period was "equitably tolled" until petitioner learned that his petition for review had been denied. "Equitable tolling" of the limitations period is appropriate when extraordinary circumstances beyond a habeas petitioner's control make it impossible for him to file on time. Espinoza-

Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). Petitioner cannot be faulted for relying on his attorney to tell him when his direct appeal had come to an end, or for his attorney's failure to do so. Cf. Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (misconduct of habeas petitioner's attorney egregious enough to warrant equitable tolling).

Petitioner filed a state application for writ of habeas corpus in the Superior Court of Sacramento County on April 8, 2004. Resp't's Lodged Doc. No. 5. That application was denied on May 10, 2004. Resp't's Lodged Doc. No. 6. Under 28 U.S.C. § 2244(d)(2) "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation [under 28 U.S.C. § 2244(d)(1)]." Therefore, the limitations period applicable to this action was tolled between April 8, 2004 and May 10, 2004.

Nevertheless, even considering that the limitations period for this action did not commence until February 2004 and that petitioner receives approximately one month of tolling between April and May of 2004, this action still is not timely because petitioner did not commence this action until July 28, 2005, or more than three months after the one year statute of limitations had run.[1] Accordingly, respondent's motion to dismiss should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's February 27, 2006 motion to dismiss be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[1] Docket entry number 1 reveals that this action was transferred to this court from the Northern District of California on August 25, 2005 and that petitioner filed his habeas application in the Northern District on July 28, 2005.

1 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2 shall be served and filed within ten days after service of the objections.  The parties are advised
3 that failure to file objections within the specified time may waive the right to appeal the District
4 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 25, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

1 step1719.157